IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HEIDRUN DREWRY,                           CASE NO.:

    Plaintiff,

vs.

TA OPERATING LLC, a Foreign
Limited Liability Company d/b/a
TRAVELCENTERS OF AMERICA,

    Defendant.

_____/

## DEFENDANT TA OPERATING LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant TA Operating LLC ("TA") gives notice that this case is hereby removed from the Circuit Court for the Fifth Judicial Circuit in and for Sumter County, Florida, Case No. 2023-CA-000399, to the United States District Court, Middle District of Florida, Ocala Division. In support of its Notice of Removal, TA states:

**I.     RELEVANT PROCEDURAL FACTS**

1. Plaintiff Heidrun Drewry ("Plaintiff") originally commenced this civil action by filing her Complaint in the Fifth Judicial Circuit in and for Sumter County, Florida, on March 21, 2023, against TA.

2. Plaintiff served TA via its registered agent on July 12, 2023. Accordingly, this Notice of Removal is filed timely "within 30 days after the receipt by the

Defendant, through service or otherwise, of a copy of the initial pleading set forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446 and Local Rule 1.6(b), attached hereto as **Exhibit A** are true and legible copies of "all process, pleadings, orders, and other papers or exhibits of every kind, including depositions" on file in the state court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). An action removed from state court to federal court must be removed to the district court "embracing the place where such action is pending." *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001); 28 U.S.C. § 1441(a) (a defendant removing from state court "shall file in the district court of the United States for the district and division within such action is pending a notice of removal…"). This state court action is pending in the Fifth Judicial Circuit in and for Sumter County, Florida. The United States District Court for the Middle District of Florida, Ocala Division, encompasses Sumter County.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Fifth Judicial Circuit in and for Sumter County, Florida, and TA will promptly serve Plaintiff with a copy of the Notice of Removal. *See* **Exhibit B**.

6. By filing this Notice, TA does not waive its right to assert any defense or affirmative matter, including, without limitation, the defenses listed in Federal Rule of

Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Complete Diversity of the Parties Exists

8. In her Complaint, Plaintiff alleges that at all times material hereto, she was and is a resident of Citrus County, Florida. Therefore, Plaintiff is a citizen of Florida. (*See* Compl. ¶ 2).

9. Plaintiff incorrectly defines TA as a "Florida corporation". (*See* Compl. ¶ 3). At all relevant times, TA Operating LLC has been, and continues to be, a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Ohio. "[A] limited liability company is a citizen of any states of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The sole member of TA operating LLC is TravelCenters of America Inc., a Maryland corporation with its principal place of business also in Ohio. "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Id.* at 1021 n.1, citing 28 U.S.C. § 1332(c)(1). Accordingly, TravelCenters of America Inc. is a citizen of the state of Maryland and Ohio, as is TA Operating LLC.

10. Complete diversity exists under 28 U.S.C. § 1332 as Plaintiff is a citizen of Florida, and TA is a citizen of the state of Maryland and Ohio. *See also* 28 U.S.C. § 1441(b)(2).

**B. The Amount in Controversy Exceeds $75,000.00**

11. The amount of controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount of controversy must exceed $75,000.00, exclusive of costs and interests. Only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is required in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014) (quoting 28 U.S.C. § 1446(a)).

12. "Removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Sometimes the amount in controversy is facially apparent from the complaint even when it does not claim a specific amount of damages. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). The Court may use its judicial experience and common sense and may also "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Id.*; *see also Klayman v. Porter*, No. 22-13025, 2023 U.S. App. LEXIS 4821, at *4-*5 (11th Cir. Feb. 28, 2023) ("a removing defendant is not required to prove

the amount in controversy beyond all doubt or to banish all uncertainty") (internal citation omitted). Furthermore, a district court "need not 'suspend reality or shelve common sense' in determining the amount in controversy." *Gardner v. Mgmt. & Training Corp.*, No. 4:14cv284-RH/CAS, 2014 U.S. Dist. LEXIS 92956, at *5 (N.D. Fla. July 3, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)).

13.   Plaintiff's Complaint alleges she suffered serious and permanent bodily injuries from a trip and fall in the parking lot for a TA location in Wildwood, Florida. (Compl. ¶ 8). The Complaint fails to specify the injuries sustained, but Plaintiff asserts she sustained "serious and permanent injuries including but not limited to her right knee, right arm and elbow." (Compl. ¶ 11). Plaintiff further alleges that as a result of this accident Plaintiff "will suffer much mental and physical pain" and that "Plaintiff has suffered in the past and will suffer in the future the inability to lead a normal life." (Compl. ¶ 12). Moreover, Plaintiff alleges that she has suffered a loss of earnings, a loss of future earning capacity, and has been required to, and will be required to, spend large sums of money for remedial medical care to treat such "serious and permanent injuries" (Compl. ¶ 12).

14. While the Compliant simply asserts that the amount in controversy exceeds the jurisdictional threshold of the state circuit court ($50,000.00) (*see* Compl. ¶ 1), in its state court papers Plaintiff completed a Form 1.997 Civil Cover Sheet (*See* **Exhibit C** attached hereto). Question II of that form instructed Plaintiff to indicate "the estimate amount of the claim, rounded to the nearest dollar." Plaintiff was presented with six categories for the amount of her claim, ranging from $8,000 or less, $8,001 to $30,000, $30,001 to $50,000, $50,001 to $75,000, $75,001 to $100,000, and "over $100,000.00". Presented with these category options, Plaintiff selected and

> **II. AMOUNT OF CLAIM**
> Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.
>
> ☐ $8,000 or less
> ☐ $8,001 - $30,000
> ☐ $30,001 - $50,000
> ☐ $50,001 - $75,000
> ☐ $75,001 - $100,000
> ☒ over $100,000.00

checked the box for "over $100,000.00." The question and Plaintiff's selected answer from Exhibit "C" are embedded here:[1]

15. In selecting the highest possible category for the amount of its actual damages "over $100,000.00," coupled with her damage allegations, Plaintiff confirms

---

[1] While the question indicates the "estimated amount of the claim is requested for data collection and clerical processing purposes only", and the "amount of the claim shall not be used for any other purpose", it strains reason to suggest that Plaintiff's choice of "over $100,000.00" does not accurately reflect her representation of the value of her claim, and hence, the minimum amount in controversy.

both on the face of her Complaint as well as via other papers that may be considered by this Court that the amount in controversy exceeds $75,000.00. Indeed, if it were a close call, Plaintiff could have selected the prior selection option, "$75,001.00 to $100,000.00." Instead, Plaintiff selected on her own volition the highest possible option, indicating that her claim has a minimum value of $100,000.00, and up to, essentially, infinity. Thus, the amount in controversy element has easily been satisfied here.

### C. All Prerequisites for Removal Have Been Satisfied

16. Because both requirements for federal diversity jurisdiction are satisfied, this case is removable to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

17. The undersigned counsel is authorized by TA to file this Notice of Removal, is licensed in the State of Florida and is a member of the Bar of this Court.

WHEREFORE, Defendant TA Operating LLC respectfully removes this action from the Fifth Judicial Circuit in and for Sumter County, Florida to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

Date: August 1, 2023                                 Respectfully submitted,

*/s/ Courtney M. King*
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
MCDONALD TOOLE WIGGINS, P.A.

111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
mcorrenti@mtwlegal.com
Secondary Service Emial:
cking@mtwlegal.com
DrewryvTAOperatingLLC@mtwlegal.com
*Attorneys for Defendant, TA Operating LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Tony Griffith, Esq. Tanney, Griffith & Bresler, P.A., 29605 U.S. 19 North, Suite 210, Clearwater, FL 33761, tg@tanneygriffithlaw.com and stacy@tanneygriffithlaw.com, (*Attorneys for Plaintiff*)

/s/ Courtney M. King
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
mcorrenti@mtwlegal.com
Secondary Service Emial:
cking@mtwlegal.com

DrewryvTAOperatingLLC@mtwlegal.com  
*Attorneys for Defendant, TA Operating LLC*